| | |
|---|---|
| LIMESTONE TRAIL APARTMENTS GP, LLC et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>TAX CREDIT HOLDINGS - LIMESTONE TRAIL, L.L.C. et al.,<br>　　　Defendants. | Case No. 3:25-cv-00814 / 3:26-cv-00631<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

## MEMORANDUM ORDER

Familiarity with the background of this case is presumed. Pending before the Court is a motion by non-party Limestone Trail Apartments, LP (the "Partnership") under Rule 45(d)(3) of the Federal Rules of Civil Procedure. The Partnership wants to quash a document subpoena served on its accountants, Eisner Advisory Group LLC, EisnerAmper LLP, and The Tidwell Group (the "Accountants" collectively), by plaintiffs in this case.[1] The subpoena would have the Accountants produce:

---

[1]    Three brief procedural points are worth noting. First, the motion to quash originally was filed in the Southern District of Ohio and transferred here on the consent of the parties. The motion to quash appears in Case No. 3:26-cv-00631 in this District (the "2026 Case"), which has been consolidated with this case. Second, the Partnership has explained that a corporate merger is the reason why three named entities can be considered one collective accountant entity. (2026 Case, Doc. No. 1 at 2.) Third, the Partnership has asserted standing to challenge the subpoena through its assertion of the accountant privilege. *Cf. Mann v. Univ. of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *5 (6th Cir. 1997) (table case) ("Whether the privacy or privilege claim is valid is not the question. When a colorable claim is asserted, it is the court which must resolve the issue not the attorney seeking discovery.").

> All communications (and documents attached thereto or included therewith) exchanged with any of the Defendants relating to the Partnership, including, without limitation, all communications relating to: the Partnership's financials, tax returns, and K-1s; and requests by any of the Defendants to recharacterize/reclassify TCH's [Tax Credit Holdings – Limestone Trail, L.L.C.] equity installments as loans.

(2026 Case, Doc. No. 1-3 at 10.) The Partnership argues that the documents covered by the subpoena should not be produced because they fall within Tennessee's statutory accountant privilege, Tenn. Code Ann. § 62-1-116(a), and because it has not waived that privilege. The Partnership argues further that "post-removal characterizations of the LP Loans are irrelevant to the claims and defenses of the parties to the action." (Doc. No. 80 at 6.) Plaintiffs respond that the Accountants are based in Ohio, which means that Ohio law applies to any questions of privilege. Whether Ohio or Tennessee law applies here is significant because Ohio does not recognize an accountant privilege. Additionally, plaintiffs argue that "even if Tennessee privilege law applies, the requested communications are not privileged or privilege has been waived." (Doc. No. 75 at 11.)

Federal Rule of Evidence 501 sets forth that, in a federal diversity case like this one, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *see also First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235, 2016 WL 5867268, at *8 (W.D. Tenn. Oct. 5, 2016) ("In diversity actions, such as the instant case, Rule 501 of the Federal Rules of Evidence requires that the state law of privileges applies.") (citations omitted). As an important related point, Rule 501 requires the Court "to apply the substantive law of the forum with respect to privileges when the questions presented in the action involve state, rather than federal, law." *Wright v. Jeep Corp.*, 547 F. Supp. 871, 875 (E.D. Mich. 1982); *accord Cline v. Reliance Tr. Co.*, No. 1:04-CV-02079, 2005 U.S. Dist. LEXIS 26066, at *6 (N.D. Ohio Oct. 31, 2005) (law of the state where a diversity court sits governs privilege);

*see also Star Editorial v. United States Dist. Court*, 7 F.3d 856, 859 (9th Cir. 1993) (same); *Samuelson v. Susen*, 576 F.2d 546, 550 (3d Cir. 1978) (same); *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975) ("It is not contested that, in a diversity case, the issue of privilege is to be governed by the substantive law of the forum state.") (citation omitted). Consequently, Tennessee law will apply to the privilege question.[2]

Although Tennessee law will address the privilege question that the Partnership has raised, the Court is concerned that Tennessee's accountant privilege does not apply for a different reason. Tennessee never has recognized a common-law accountant privilege. *See Fed. Ins. Co. v. Arthur Anderson & Co.*, 816 S.W.2d 328, 330 (Tenn. 1991). Any accountant privilege is statutory and comes from the Tennessee Accountancy Act of 1998 (the "Act"), Tenn. Code Ann. §§ 62-1-101 to 62-1-203. Under the Act, the statutory category of accountant licensees "shall not divulge, nor shall they in any manner be required to divulge, any information that is communicated to them or obtained by them by the reason of the confidential nature of their employment." Tenn. Code Ann. § 62-1-116(a). "Licensee" means the holder of a "license," *id.* § 62-1-103(8), which in turn means "a certificate issued under § 62-1-107, a permit issued under § 62-1-108 or a registration under § 62-1-109, or, in each case, a certificate, license or permit issued under corresponding prior law." *Id.* § 62-1-103(7). Section 62-1-109 concerns accountants licensed under prior state law and is not applicable here, but Section 62-1-107 concerns applications for certificates from individuals while Section 62-1-108 addresses applications for permits from accounting firms. Nothing in the record indicates that any individual member of the Accountants applied for a Tennessee accountancy certificate and showed "that the applicant holds a license in good standing in another jurisdiction

---

[2]     Incidentally, the application of diversity principles eliminates any need to address whether any retainer agreement between the Partnership and the Accountants might contain a choice-of-law provision specific enough to govern privileges. (*See* Doc. No. 75 at 12.)

in the United States and at the time the individual was licensed in another state, the individual showed evidence of having successfully completed the uniform Certified Public Accountant Examination." *Id.* § 62-1-107(c). Similarly, nothing in the record indicates that the Accountants have sought a permit to practice under Section 62-1-108. The Act does include a reciprocity provision for accountants practicing in Tennessee who do not have a principal place of business in Tennessee. *Id.* § 62-1-117. The reciprocity provision requires Tennessee to grant "practice privileges" in the state "if at the time the individual was licensed, the individual showed evidence of having successfully completed the Uniform Certified Public Accountant Examination." *Id.* § 62-1-117(a); *see also id.* § 62-1-117(b)(2) (beneficiaries of reciprocity must "comply with this chapter and the board's rules"). The reciprocity provision, however, presupposes an out-of-state accountant who wants to provide accountancy services within Tennessee. Here, nothing in the record suggests that the Accountants are located in Tennessee or are trying to provide accountancy services within Tennessee. The parties have not disputed the assertion that "the Partnership sought out EisnerAmper's services and engaged it in Ohio, not vice versa, and Ohio is where EisnerAmper was then communicated with and furnished its services." (Doc. No. 75 at 14.) The cases that the Court found addressing Tennessee's accountant privilege all concerned accountants or accountancy firms located and operating within Tennessee. *See First Horizon Nat'l Corp. v. Hous. Cas. Co.*, No. 2:15-cv-2235, 2016 U.S. Dist. LEXIS 142332 (W.D. Tenn. Oct. 5, 2016) (accountant located in state); *Bowman v. Interstate Realty Corp.*, No. 2:15-MC-00024-STA, 2015 WL 5797748 (W.D. Tenn. Oct. 1, 2015) (same); *Etheredge v. Etheredge*, No. CIV.A. 1:12-0165, 2013 WL 4084642 (M.D. Tenn. Aug. 12, 2013) (same); *Fed. Ins. Co. v. Arthur Anderson & Co.*, 816 S.W.2d 328 (Tenn. 1991) (same); *Beckwith v. LBMC*, P.C., No. M2017-00972-COA-R3-CV, 2019 Tenn.

4

App. LEXIS 138 (Ct. App. Mar. 21, 2019) (same); *Dove v. Pharmerica Corp.*, 2017 Tenn. Bus. LEXIS 5 (Davidson Cty. Chancery Crt. June 27, 2017) (same).

Under these circumstances, the Court does not agree that Tennessee's accountant privilege is so expansive that it reaches any accountants anywhere in the country who have no interest in availing themselves of the state's regulatory scheme, as long as the clients bring the work product back to Tennessee. *Cf. Dees v. Scott*, 347 So. 2d 475, 477 (Fla. Dist. Ct. App. 1977) (statutory accountant privilege did not apply to an accountant who did not meet the statutory criteria for status as a "certified public accountant" or "public accountant"). The Court must be mindful that the accountant privilege is a statutory derogation of Tennessee common law, and "statutes in derogation of the common law are to be strictly construed and confined to their express terms." *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995) (citation omitted).

If Tennessee's accountant privilege does not apply then the Partnership lacks standing to quash the subpoena unless it can demonstrate some other privilege or personal interest that would confer standing. *See, e.g., Sys. Prods. & Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (standing to challenge a subpoena generally is limited to the party served with it, but "[p]ersonal rights or interests sufficient to confer standing to quash a subpoena can arise in a variety of contexts"). To the extent that the Partnership argued in its reply papers that "post-removal characterizations of the LP Loans are irrelevant to the claims and defenses of the parties to the action" (Doc. No. 80 at 6), "the law is clear that only the entity responding to the subpoena has standing to argue undue burden or relevance." *Covert Mfg., Inc. v. Covert Innovations, LLC.*, No. 1:21-CV-1682, 2024 WL 904404, at *3 (N.D. Ohio Mar. 1, 2024) (internal quotation and editorial marks and citations omitted); *United States v. Carpenter*, No. 1:05

5

CV 0586, 2007 WL 9719059, at *2 (N.D. Ohio June 7, 2007) (the person served with a subpoena is in the best position to argue undue burden).

## Conclusion

For all the foregoing reasons, the Court DENIES the Partnership's motion to quash (2026 Case, Doc. No. 1), but without prejudice to a more detailed assertion of a privilege or a proprietary interest that would confer standing.

Per the consolidation of the 2026 Case and this case, any further proceedings related to the subpoena will be filed in the docket of this case. For the limited purpose of closing out the motion where it was docketed, the Clerk of the Court is directed to docket a copy of this order in both cases and to perform an administrative closing of the 2026 Case.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge