UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIMESTONE TRAIL APARTMENTS GP, LLC et al.,<br>Plaintiffs,<br><br>v.<br><br>TAX CREDIT HOLDINGS - LIMESTONE TRAIL, L.L.C. et al.,<br>Defendants. | Case No. 3:25-cv-00814<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On June 1, 2026, the Court issued an order denying a motion by non-party Limestone Trail Apartments, LP (the Partnership), under Rule 45(d)(3) of the Federal Rules of Civil Procedure, to quash a document subpoena served on its accountants, Eisner Advisory Group LLC, EisnerAmper LLP, and The Tidwell Group (the Accountants collectively), by plaintiffs in this case. (Doc. No. 82.) In short, the Court reasoned the following: 1) Tennessee law applied to the Partnership's attempt to invoke Tennessee's statutory accountant privilege under the Tennessee Accountancy Act of 1998 (the Act), Tenn. Code Ann. § 62-1-116(a); 2) Tennessee's accountant privilege is not an attempt to regulate the accounting profession nationally, meaning that it requires some manifestation of an intent by accountants to submit themselves to the state's regulatory scheme; 3) the record at the time was consistent with plaintiffs' assertion that "the Partnership sought out EisnerAmper's services and engaged it in Ohio, not vice versa, and Ohio is where EisnerAmper was then communicated with and furnished its services" (Doc. No. 75 at 14); and 4) the accountant privilege thus did not apply to the situation here, meaning that "the Partnership lacks standing to quash the subpoena unless it can demonstrate some other privilege or personal interest that would confer standing." (Doc. No. 82 at 5.) The denial of the motion to quash was "without prejudice to

a more detailed assertion of a privilege or a proprietary interest that would confer standing." (*Id.* at 6.)

In response to the Court's invitation to submit a more detailed assertion of privilege, the Partnership filed a supplement[1] asserting that the Accountants and 14 of their personnel are in fact registered in Tennessee; and that a supervisory accountant "managed the overall relationship with the client's senior management and ownership across their portfolio of properties." (Doc. No. 83-1 at 4.) The Partnership asserted further that "EAG Affordable Housing, LLC, a subsidiary of Eisner Advisory Group, LLC, provided tax services to Limestone Trail Apartments LP and Limestone Trail Apartments GP LLC, including tax services for the State of Tennessee." (*Id.*) In response, plaintiffs renewed their argument that Ohio law governs here but also argued that "the Partnership's Supplement and Objections only confirm the absence of any meaningful connection between Tennessee and the communications and services that are the subject of the subpoena, and thus, only confirm the correctness of the Order's conclusion that standing under the Act is absent under these facts." (Doc. No. 91 at 3.) More specifically, plaintiffs argued that "the Supplement fails to show that: (1) EisnerAmper meets the statutory definition of 'licensee' under the Act, Tenn. Code Ann. § 62-1-107(8); and (2) the Ohio-based EisnerAmper accountants who actually performed the accountancy services for this now-Missouri-based Partnership are entitled to 'reciprocity' under the Act." (*Id.*) Plaintiffs argued further that "even if the Court now concludes that there is standing under the Act, the Court should affirm the Order because the types of services and communications at issue do not fall within the scope of accountant-client privilege and/or the Partnership has waived any accountant-client privilege in this case." (*Id.*)

---

[1] To ensure preservation of its rights, the Partnership also filed objections to the Court's order. (Doc. No. 84.)

While the Partnership has made enough of a showing that it has standing to challenge the subpoena,[2] factual events since the service of the subpoena and the filing of the motion to quash it obviate the need for a hearing or other consideration over exactly how the Accountants fit under the Act. The subpoena, a document subpoena served on or around April 13, 2026, contained a single request to produce "[a]ll communications (and documents attached thereto or included therewith) exchanged with any of the Defendants relating to the Partnership, including, without limitation, all communications relating to: the Partnership's financials, tax returns, and K-1s; and requests by any of the Defendants to recharacterize/reclassify TCH's [defendant Tax Credit Holdings – Limestone Trail, L.L.C.] equity installments as loans." (Case No. 3:26-cv-00631 (the 2026 Case), Doc. No. 1-3 at 10.) The request in the subpoena was substantially similar to three document requests that plaintiffs previously had served on defendants:

> REQUEST NO 72: All documents exchanged with the accountant(s) contacted and/or hired to prepare the Partnership's financials and tax returns following EisnerAmper's termination. This Request includes, without limitation, all documents relating to the Partnership's financials and tax returns (from any time period), all documents discussing whether funds transferred by TCH, AEP, and/or JES in relation to the Partnership should be booked as LP Loans, equity installments, etc., and all agreement(s) with the new accountant(s).
>
> * * *
>
> REQUEST NO 73: All documents (including drafts) prepared and/or distributed pursuant to Section 19.7 of the LPA from March 1, 2025 to present. This Request is continuing in nature.
>
> * * *

---

[2] *Cf. Mann v. Univ. of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *5 (6th Cir. 1997) (table case) ("Whether the privacy or privilege claim is valid is not the question. When a colorable claim is asserted, it is the court which must resolve the issue not the attorney seeking discovery.").

> REQUEST NO 74: All of the Partnership's quarterly and annual financial reports, financial statements, or the like (including all income statements, balance sheets and detailed cash flow statements, and drafts of the same) from March 1, 2025 to present. This Request is continuing in nature.

(Doc. No. 68-1 at 71–72.) Defendants objected to each request on multiple grounds including the accountant privilege and relevance. (*Id.*) Plaintiff did not file a motion to compel responses to document request 72. When plaintiffs filed a motion to compel responses to document requests 73 and 74 (Doc. No. 71 at 22–24), the Court denied the motion because plaintiffs, as the general partner in charge of the development project in question during all relevant times, "had the obligation to produce those documents for others. [Plaintiffs have] not adequately explained why [they] would be entitled to receive documents that [they were] responsible for generating and why [they] would be entitled to receive any of these documents after [their] removal on June 16, 2025." (Doc. No. 81 at 8.) Plaintiffs did not file any objections to the order at Doc. No. 81. The issuance of the order, and the lack of objection to it, means that the relevance of the information in question now has been settled. Defendants emphasized the settled nature of the issue when they noted in their motion to quash that plaintiffs "are really seeking communications from after Former General Partner was removed from the Partnership. Former General Partner and Aventurine have stated as much to the Subpoenaed Parties and logically, the Subpoena is only requesting post-removal communications given the fact that Former General Partner was privy to communications with the accountant pre-removal, and thus already has such communications in its possession." (2026 Case, Doc. No. 1 at 14.)

Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires a court to quash or to modify a subpoena that satisfies at least one of four specified reasons. Of the four reasons, two are in play here—encroachment on privilege but also that the subpoena in question "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *United States v. Tennessee Walking*

*Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) (unpublished opinion) (citations omitted). Proportionality can affect whether an undue burden exists if the expense and effort of obtaining subpoenaed information outweighs the information's potential value. *See Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted); *accord Spears v. First Am. eAppraiseIT*, No. 13-MC-52, 2014 WL 1045998, at *2 (S.D. Ohio Mar. 14, 2014) (citations omitted).

A subpoena also can impose an undue burden if the party serving it can obtain the same evidence by other viable means. *See Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008) (citations omitted); *see also Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Courts should also consider what information is available to the requesting party from other sources. To that end, the requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation—or, in appropriate cases, from other third parties that would be more logical targets for the subpoena.") (citation omitted). A corollary of the rule about obtaining evidence by other viable means concerns circumvention: If a party has attempted to obtain the evidence in other ways and has been denied then it may not use a subpoena to circumvent the denial. *See Parks v. Lyash*, No. 22-5841, 2023 WL 6237062, at *9 (6th Cir. Apr. 12, 2023) (no abuse of discretion, where District Court quashed a subpoena that was unreasonably cumulative and duplicative); *Covert Mfg., Inc. v. Covert Innovations, LLC.*, No. 1:21-CV-1682-DAR, 2024 WL 904404, at *6 (N.D. Ohio Mar. 1, 2024) (collecting cases demonstrating that a subpoena cannot circumvent a scheduling order or other discovery rules); *Thogus Prods. Co. v. Bleep, LLC*, No. 1:20CV1887, 2021 WL 827003, at *5 (N.D. Ohio Mar. 4, 2021) (granting motion to quash subpoenas that were an improper attempt to circumvent a prior court order denying

expedited discovery); *Em v. Pyramyd Air, Ltd*, No. 1:10-CV-01054, 2010 WL 11681406, at *1 n.1 (N.D. Ohio Sept. 10, 2010) (granting motion to quash subpoena that was an attempt to "circumvent the discovery process"). Additionally, "[w]hile Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Abundes v. Athens Food Servs., LLC*, No. 3:14-1278, 2015 WL 13664280, at *2 (M.D. Tenn. Sept. 18, 2015) (citation omitted).

While plaintiffs could not have intended to circumvent an order that had not yet issued when the subpoena was served, the Court's May 28, 2026 order addressing similar discovery requests now means that the subpoena needs to be quashed. Plaintiffs served the subpoena on the Accountants on or around April 13, 2026 (2026 Case, Doc. No. 1-3 at 2), about 11 days after the filing of the joint discovery dispute statement (Doc. No. 68) that indicated that they were seeking the same information through document requests 72 through 74. Prior to the Court's ruling on plaintiffs' eventual motion to compel (Doc. No. 71), seeking the same information from two different sources arguably was cumulative. Once the Court ruled—without objection—that plaintiffs were not entitled to the information in question, the subpoena became an inadvertent attempt to revisit a settled discovery issue.[3] Instead, the Court directed defendants to produce documents that met specific search criteria. (Doc. No. 81 at 6.) Defendants complied with the search (Doc. No. 86 at 4 n.3), and no further dispute appears to have arisen from that search. Consequently, regardless of the parties' ongoing dispute about Ohio versus Tennessee law and the scope of Tennessee accountant privileges, the factual relevance of the information sought in the subpoena has been resolved, and the Court sees no reason to disturb its prior ruling.

---

[3] Put another way, "Yesterday must be forgot / No looking back no matter what / There's nothing there but mem'ries that bring sorrow." Dolly Parton, *Tomorrow Is Forever, on* Pure and Simple (CD, Dolly Records and RCA Nashville Aug. 19, 2016).

## Conclusion

For all of the foregoing reasons, the Court directs the Clerk of the Court to construe the supplement at Doc. No. 83 as a renewed motion to quash. As such, the Court GRANTS the Partnership's renewed motion (Doc. No. 83) to quash the subpoena served on the Accountants on or around April 13, 2026.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge